# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN SALVADORI, | : | Civil Action No. 1:05cv4974 |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **REPLY MEMORANDUM OF LAW** |
| v. | : | **IN FURTHER SUPPORT OF DEFENDANT** |
|  | : | **OPTION ONE MORTGAGE CORP.'S** |
| OPTION ONE MORTGAGE CORP., | : | **MOTION TO DISMISS PLAINTIFF'S** |
| A CALIFORNIA CORPORATION, | : | **AMENDED COMPLAINT AND** |
|  | : | **COMPEL ARBITRATION** |
| Defendant. | : |  |
|  | : |  |

**REED SMITH LLP**
Mark S. Melodia, Esq.
Lauren Graham Delehey, Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
P.O. Box 7839
Princeton, New Jersey 08053-7839
(609)-987-0050
Fax: (609) 951-0824

Attorneys for Defendant,
Option One Mortgage Corporation

## PRELIMINARY STATEMENT

The validity and enforceability of the parties' Arbitration Agreement has been thoroughly and decisively litigated and is now solidly established as the law of this case. Plaintiff's attempt to reargue that issue here is inappropriate, and should not be entertained.

Application of the Arbitration Agreement to Plaintiff's "old" state law-based claims is also law of the case, decided by the state trial court and recognized by the state appellate court. Beyond being subject to arbitration, the state law-based claims that Plaintiff has carried over to his Amended Complaint should be dismissed, with prejudice, because they are foreclosed by the New Jersey Supreme Court's decision in Glukowsky v. Equity One[1] and the state appellate court expressly acknowledged their mootness in this case.

Plaintiff's attempt to reopen the issue of the validity and enforceability of the Arbitration Agreement by pleading violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 (the "Truth-in-Consumer

---

[1] Glukowsky v. Equity One, Inc., 180 N.J. 49 (2004), cert. denied, 125 S. Ct. 864, 160 L. Ed. 2d 770 (Jan. 10, 2005) (holding that any state law-based challenge to the charging or collection of a prepayment fee in an "alternative mortgage transaction" like Plaintiff's is preempted by the federal Alternative Mortgage Transaction Parity Act, 12 U.S.C. §3801, et seq., and applicable federal Office of Thrift Supervision regulations, 12 C.F.R. §§560.220, 560.34).

Contract Act") is just another inappropriate attempt to re-litigate the same decided issue.  This claim should also be summarily rejected by this Court because: (1) it is outside the scope of the limited leave to amend granted by the Appellate Division; and (2) the Truth-in-Consumer Contract Act does not disturb, or even conflict with, the validity and enforceability of the Arbitration Agreement.

The only issue properly before this Court is whether the "new" federal claims asserted in Plaintiff's Amended Complaint are subject to the valid and enforceable Arbitration Agreement. This issue is a simple one, as Plaintiff has offered not one argument to suggest anything unique about his new federal claims that would exempt them from application of the parties' valid and enforceable agreement to arbitrate.

<u>**ARGUMENT**</u>

**I.   THE VALIDITY AND ENFORCEABILITY OF THE ARBITRATION AGREEMENT IS "LAW OF THE CASE"**

The law of the case doctrine provides a solid basis for this Court to say what clearly needs to be said in this case: "Enough is enough."  At its simplest, the well-established "law of the case" doctrine provides that, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." <u>United States v. Lentz</u>, 384 F. Supp. 2d 934, 938 (2005), citing <u>Christianson v.</u>

Colt Indus. Operating Corp., 486 U.S. 800, 815-16, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988).  This rule of practice "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'"  Id.  The law of the case doctrine precludes "parties from contesting matters that they have had a full and fair opportunity to litigate (and) protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."  Id., citing Montana v. United States, 440 U.S. 147, 153-54, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979).

Under law of the case doctrine, a court should not reopen what has already been decided absent a showing of "exceptional circumstances."  Kori Corporation v. Wilco Marsh Buggies and Draglines, Inc., 761 F. 2d 649 (Fed. Cir. 1985).[2]  Although Option One argued law of the case in its moving papers, Plaintiff's opposition neither presents nor even suggests any "exceptional circumstances" that would justify reopening the issue of the validity and enforceability of the Arbitration

---

[2] None of the potential "exceptional circumstances" listed by the Kori court exists in this case: "[1] the evidence in a subsequent trial was substantially different; [2] controlling authority has since made a contrary decision of law applicable to such issues; or [3] the decision was clearly erroneous, and would work a substantial injustice."

Agreement.  Instead, he merely reargues all of the decided issues in this case, as if by finally placing in his pleadings the previously un-pled arguments he has used throughout this case, he could effectively wipe his slate clean and start all over again.  This approach cries out for application of the law of the case doctrine.

Plaintiff could not have been afforded a more complete opportunity to litigate than he has received on this issue in this case.  The parties have presented over 150 pages of briefing and two hours of oral argument before New Jersey's Law and Appellate Divisions on the issue of whether their Arbitration Agreement should be enforced.[3]  The New Jersey trial court considered and explicitly rejected each of the legal arguments Plaintiff now presents to this Court against the enforceability of the Arbitration Agreement[4]:

_____

[3] For that reason, rather than re-argue each aspect of the validity and enforceability of the Agreement, Option One relies upon its prior briefing in this case.  True and correct copies of both parties' briefs, the transcript of oral argument before the trial court, and the orders and decisions of the trial and appellate courts are included in Option One's Appendix to this Motion, for the Court's ease of reference.

[4] Plaintiff's own briefing provides perhaps the best evidence of the repetitiveness of his present arguments.  Much of it has been cut and pasted directly from his state court briefs, and much is not even applicable at this stage of the litigation.  See e.g., Pb10 and 17 (citing "this court's decision" in Rochel v. Cherry Hill Dodge, 368 N.J. Super. 577 (App. Div. 2004) – these sentences are apparently left over from Plaintiff's unsuccessful attempt to persuade the New Jersey Appellate Division of his Truth-

Continued on following page

The plaintiff's challenge to the defendant's contractual right to collect the prepayment fee constitutes a "dispute" that falls within the broad scope of the Arbitration Agreement.

The plaintiff argues that the arbitration clause is unenforceable under the New Jersey Home Ownership Security Act of 2002, N.J.S.A. 46:10B-22; however, this Act did not take effect until November 27, 2003, and, in pertinent part, only applied to loans closed on and after that date.

The balance of the plaintiff's arguments,[5] including waiver, are without merit.  The strong policy in favor of arbitration and the prompt resolution of disputes warrants enforcement of the Agreement to Arbitrate.

3/25/04 Letter Opinion by Hon. Anne McDonnell, J.S.C., Da103-104.

---

Continued from previous page

in-Consumer Contract Act claim – compare Da258); Pb21-23 (this "plain language" argument is lifted wholesale from Plaintiff's state court briefing, grammatical errors and all: "Just try to make sense of the paragraph titled "Exceptions" takes a law degree." – compare Da48, Da116). Compare also Pb23-25 and Da37-39 and Da117-119; Pb25-41 and Da24-37 and Da120-131.  Plaintiff has taken this *limited* remand as an opportunity to put Option One "through its paces" *again,* forcing what is now the *third* full-blown argument on the established validity and enforceability of the Arbitration Agreement in this case.  This is precisely the type of abusive litigation (and re-litigation) tactic law of the case doctrine is designed to stop.  Enough is enough.

[5] The "balance of the plaintiff's arguments" includes not only each and every argument now presented by Plaintiff on the "unconscionability" of the Agreement, but also the Truth-in-Consumer Contract Act argument which, although he did not plead it in the Complaint, Plaintiff's counsel briefed and orally argued before both the New Jersey trial and appellate courts.

The Appellate Division did not disturb this ruling, but remanded with *limited* leave for Plaintiff to file an Amended Complaint "to assert any post-Glukowsky claims that they may have under the applicable Federal law," noting the trial court's need to then analyze the arbitrability of any *amended* claims.

The validity and enforceability of the parties' Arbitration Agreement has been thoroughly litigated and decided in this case, and it should not be reopened at this stage of the litigation.

## II.  PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED

### A.  Plaintiff's State Law-Based Claims Must be Dismissed Because They Are Foreclosed by the Glukowsky Decision

In considering Plaintiff's appeal of the dismissal of his Complaint in favor of arbitration, the New Jersey Appellate Division went beyond the issue of the arbitrability of Plaintiff's claims – it expressly concluded that Plaintiff's state law-based claims have no merit:

> Plaintiff's assertions on appeal, that their claims that Option One's prepayment provision is illegal and violative of the New Jersey prepayment law and the C[onsumer] F[raud] A[ct] were improperly dismissed in favor of arbitration are *rendered moot by* **the Supreme Court's decision in Glukowsky.** Da266-267.

Indeed, Plaintiff concedes that his original Complaint (filed before the Glukowsky decision was issued) attacked the prepayment fee he paid to Option One on the same grounds that

were pled in Glukowsky, and he does not contest that those claims are foreclosed by the Glukowsky decision.  (Plaintiff's brief, p. 5 ("Pb5")).  And yet, without explanation, Plaintiff has chosen to leave those claims in his Amended Complaint.[6] There is (and there can be) no dispute that Plaintiff's state law-based attacks on the prepayment fee at issue have been eliminated by the Glukowsky decision and by the earlier Appellate Division decision in this very case.  As such, they must be dismissed, with prejudice.

**B.    Plaintiff's State Law-Based Claims Must be Dismissed Because They Are Subject to a Valid and Enforceable Arbitration Agreement**

Even if this Court chooses not to dismiss Plaintiff's state law-based claims as moot, those claims must nevertheless be dismissed, because they are subject to a valid and enforceable Arbitration Agreement.  Indeed, there can be no dispute that these claims are subject to the Arbitration Agreement -- the state trial court expressly ruled so, and the state appellate court left that ruling intact.  It is law of the case that Plaintiff's state law claims are subject to a valid and enforceable agreement to arbitrate, and so those claims must be dismissed in favor of arbitration.

---

[6] This Plaintiff's counsel is the same attorney who brought, argued, appealed and ultimately lost on these very substantive issues in Glukowsky.

**C.  The Truth-In-Consumer Contract Act is Not Properly Pled and Does Not Affect the Validity or Enforceability of the Arbitration Agreement**

Plaintiff attempts to avoid application of the Arbitration Agreement by pleading in his Amended Complaint that the Agreement violates the Truth-in-Consumer Contract Act.  This claim must be rejected for either of two reasons: (1) it is outside the scope of Plaintiff's leave to amend; and (2) it does not disturb the established validity and enforceability of the Arbitration Agreement.

**1.  Plaintiff's leave to amend did not include leave to assert a new state law-based claim based on the Truth-In-Consumer Contract Act**

The New Jersey Appellate Division expressly limited Plaintiff's leave to amend his Complaint on remand to assert "any post-Glukowsky claims that they may have under the applicable Federal Law."  The Appellate Division's order does not open the door for Plaintiff to add unlimited additional claims.  Plaintiff's Truth-in-Consumer Contract claim clearly falls outside the scope of that leave and should not be considered here.[7]

_____

[7] Plaintiff gave Option One no opportunity to dispute his amendment to the Complaint – he filed it without notice to Option One and did not copy Option One on any related pleadings or correspondence to the state trial court until *after* the Amended Complaint had been filed.

There is good reason for the state appellate court's refusal to allow unlimited amendment at this stage in the litigation, particularly as to claims relating to the Arbitration Agreement, which has been briefed and argued in this case for nearly two-and-a-half years now.  The Truth-in-Consumer Contract Act was enacted over 20 years ago, in 1981.  As such, there is no reason Plaintiff could not have pled the Act in his initial Complaint.  In fact, as Plaintiff's counsel himself points out in his opposition briefing, this issue *was* briefed and argued (unsuccessfully) before New Jersey's Law and Appellate Divisions.  (Pb10).  Plaintiff may not be rewarded for failure to plead the claims on which he relies in arguments with a complete second bite at the arbitration apple -- enough is enough.

### 2.   The Truth-in-Consumer Contract Act Does Not Disturb (or Even Conflict With) the Validity and Enforceability of the Arbitration Agreement

Plaintiff manipulates, or at best simply misreads the language of the New Jersey Truth-in-Consumer Contract Act.  On the basis of this misreading, he attempts to elevate this nearly 25-year old statute to what he describes as an "overriding public policy that consumer rights cannot be waived."  Pb10.  He then argues that this "overriding public policy" is on a level with, and in fact *trumps*, the national policy favoring the arbitration of disputes, which has been so clearly expressed in

the Federal Arbrition Act, 9 U.S.C. §1 et seq. (the "FAA") and New Jersey Arbitration Statute, N.J.S.A. 2A:24-1 et seq., and so thoroughly supported and upheld by Federal as well as New Jersey decisional law.  Plaintiff's argument is quite simply wrong at every turn, and must be rejected.

Plaintiff's entire Truth-in-Consumer Contract Act argument rests on a fundamental misreading of the statute, which prohibits a consumer contract that "*violates* any clearly established legal right of a consumer."  N.J.S.A. 56:12-15 (emphasis added).  This is not the blanket ban on *waiver* of consumer rights that Plaintiff touts it to be.

Indeed, Plaintiff's very extreme premise – that this law prohibits *any* contract clause that seeks to *waive* a consumer's rights obviously misstates the law, as a variety of waivers of consumer rights are routinely made and enforced.  A consumer may, for example, waive his right to bring suit in any but a particular jurisdiction or under any but a particular set of substantive laws.  Lewin v. Long, 70 F. Supp. 2d 534 (D.N.J. 1999).  He may waive privacy rights by consenting to the sharing of his credit or other personal information.  See 15 U.S.C. § 1681b(a)(2).  The Uniform Commercial Code provides for consumer debtor waiver of certain notice and procedural rights in connection with the disposition of collateral.  N.J.S.A. 12A:9-624.

If, as Plaintiff argues, all waivers were prohibited in consumer transactions, there would clearly be no need for the various provisions in New Jersey law disallowing particular types of waivers.  See, e.g., N.J.S.A. 17:11C-27e (prohibiting borrower waiver of claim for illegal acts in collection of payments under promissory note or loan agreement); N.J.S.A. 17:11C-44 (prohibiting waiver of any provision of the New Jersey Licensed Lenders Act); N.J.S.A. 17:16C-36 (prohibiting retail buyer waiver of claim or defense against retail seller for illegal acts in collection of payments under retail installment sales contract).

The focus of the Truth-in-Consumer Contract Act is not on waiver, and certainly not on arbitration agreements, but on *violation* of clearly-established law.  If the plain language of the statute is not enough for this Court to conclude that the Truth-in-Consumer Contract Act does not bar arbitration of consumer agreements, the Sponsor's Statement to the Truth-in-Consumer Contract Act offers insight and is helpful in understanding the purpose of the statute:

> Examples of such provisions are those that deceptively claim that a seller or lessor is not responsible for any damages caused to a consumer, even when such damages are the result of the seller's or lessor's negligence.  These provisions provide that the consumer assumes all risks and responsibilities, and even agrees to defend, indemnify and hold harmless the seller from all liability.  Other provisions claim that a lessor has the right to cancel the consumer contract without cause and to repossess its rental

> equipment from the consumer's premises without liability for trespass. Still other provisions arbitrarily assert the consumer cannot cancel the contract for any cause without punitive forfeiture of deposits and payment of unfounded damages. Also, the consumer's right to due process is often denied by deceptive provisions by which he allegedly waives his right to receive legal notices, waives process of law in the repossession of merchandise and waives his rights to retain certain property exempted by State or federal law from a creditor's reach.

Sponsor's Statement to N.J.S.A. 56:12-14. The examples cited concern fairly clear denials of certain due process rights of consumers. Arbitration agreements do not deprive due process rights to consumers - arbitration dictates the forum for the resolution of the dispute. <u>Green Tree Financial Corp. - Alabama v. Randolf</u>, 531 U.S. 79, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000); <u>Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.</u>, 473 U.S. 614, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985).

To have the effect Plaintiff suggests, the Truth-in-Consumer Contract Act would have to be read to prohibit *all* arbitration agreements in consumer contracts. The statutory language clearly does not support such a reading. If it did, it would not only contradict New Jersey's own law and express public policy, it would directly conflict with and therefore necessarily be preempted by the FAA and related federal case law, which explicitly favors arbitration of disputes.

As New Jersey's Supreme Court explained:

> The New Jersey Legislature codified its endorsement of arbitration agreements in <u>N.J.S.A.</u> 2A:24-1 to 11. Moreover, New Jersey courts also have favored

arbitration as a means of resolving disputes.  See
e.g. Garfinkel v. Morristown Obstetrics and Gynecology
Assocs., 168 N.J. 124, 131, 773 A.2d 665 (2001)
(noting favored status accorded to arbitration, but
stating that favored status is not without limits);
Marchak v. Claridge Commons, Inc., 134 N.J. 275, 281,
633 A.2d 531 (1993) (stating that "arbitration is a
favored form or relief" and that arbitrators function
with the support, encouragement, and enforcement power
of the State"); Barcon Assocs., Inc. v. Tri-County
Asphalt Corp., 86 N.J. 179, 186, 430 A.2d 214 (1981)
(stating that Legislature has encouraged arbitration
as a means of dispute resolution and requiring a
liberal construction of contracts in favor of
arbitration"); Yale Materials Handling Corp. v. White
Storage & Retrieval Sys., Inc., 240 N.J. Super. 370,
375, 573 A.2d 484 (App. Div. 1990) (reiterating that
"New Jersey law [is] consonant with federal law which
liberally enforces arbitration agreements").  Thus, in
deciding whether to enforce the arbitration provision
in this application for employment, we rely on the
well-recognized national policy and the established
State interest in favoring arbitration.

Martindale v. Sandvik, Inc., 173 N.J. 76, 84-85 (2002).

It is well-established that consumer claims may be
arbitrated in New Jersey.  See Gras v. Associates First Capital
Corp., 346 N.J. Super. 42, 51 (App. Div. 2001); Caruso v.
Ravenswood Developers, Inc., 337 N.J. Super. 499, 505 (App. Div.
2001); Cybul v. Atrium Palace Syndicate, 272 N.J. Super. 330,
335, (App. Div.), certif. denied, 137 N.J. 311 (1994).
Plaintiff's argument that arbitration of consumer disputes
violates the right to a jury trial or a so-called right to
proceed as a class representative has likewise been expressly
rejected by New Jersey's courts.  Id.  See also Option One's
moving Brief and Appendix.  Plaintiff's attempt to negate this
long-standing policy in favor of arbitration by reference to a

decades old statute that says nothing about arbitration simply cannot be sustained.

**D.   Plaintiff's "Post-Glukowsky" Federal Law-Based Claims Must be Dismissed Because They Are Subject to a Valid and Enforceable Arbitration Agreement**

Plaintiff dedicates a hefty portion of his opposition brief to the argument that his Amended Complaint presents justiciable issues regarding the legality of the prepayment fee at issue in this case.  Those supposed justiciable issues must, by definition, be his federal law-based claims, as the New Jersey Appellate Division has ruled, and Plaintiff concedes, that his state law-based attacks on the prepayment fee are moot post-Glukowsky.

Plaintiff identifies these claims as: (1) a deceptive or unfair practices claim based on an as yet unidentified provision of the Federal Trade Commission Act ("FTC Act") (Complaint, Count V); and (2) "excessive penalty" in violation of as yet unidentified Federal Law (Complaint, Count VIII).  But he does not argue in his Amended Complaint or briefing that there is anything unique about these claims that would exempt them from the Arbitration Agreement.  Plaintiff's "new" claims are therefore subject to the valid and enforceable Arbitration Agreement, just as his state law-based claims have already been found to be.

As discussed in Option One's moving brief, the Arbitration Agreement covers "any claim or controversy of any nature whatsoever arising out of or in any way related to the Loan …" The Agreement specifies that it "includes, but is not limited to **federal or state contract, tort, statutory, regulatory, common law and equitable claims."** (Arbitration Agreement, emphasis added). Plaintiff's FTC Act claim (based on a federal statute) and his excessive penalty claim (whether it be based in tort, contract, equity or statutory law – Plaintiff declines to specify) both fall squarely and unambiguously within the scope of this broad definition of a "dispute" covered by the Arbitration Agreement.

Plaintiff argues that his claims are not subject to the Arbitration Agreement because (1) Option One waived its right to enforce the Arbitration Agreement because it did not institute an arbitration proceeding against itself; (2) Plaintiff's "class action" is not subject to arbitration; and (3) Plaintiff seeks "injunctive relief," which he claims is excluded from the Agreement. These arguments are not specific to his "new" federal claims, but are just more repetition of arguments already considered and decisively rejected by New Jersey's Law and Appellate Divisions in this case. Accordingly, Option One will respond only briefly here (enough to offer the court a flavor of what has been argued and decided in this case) and

will refer the Court to previous briefing and argument (copies of which are supplied in Option One's Appendix) for any further analysis the Court may choose to undertake.

(1) Option One made a written demand for arbitration less than 60 days after service of the Complaint, in conformance with the requirements of the Arbitration Agreement.  In response, Plaintiff voluntarily dismissed his original Complaint.  Then, after 60 days had expired following the filing of his original Complaint, Plaintiff filed another identical Complaint under a new docket number, claiming that Option One had waived its right to compel arbitration because it did not initiate a claim against itself before the American Arbitration Association ("AAA").  Plaintiff made this argument unsuccessfully before both the state trial and appellate courts.  See Da7-9, Da37-39, Da58-60 and Da117-119.

(2) By signing the Arbitration Agreement, Plaintiff has expressly agreed to submit his disputes to the AAA.  As he cannot be a plaintiff before a court, he cannot represent a class of plaintiffs before a court (even if a class could be or ever were certified, which, of course, has not happened in this case).  By signing the Arbitration Agreement, Plaintiff has also expressly waived his ability to act on behalf of any class, whether in arbitration or in court.  Again, this has been briefed and argued before and decisively rejected by the state

trial and appellate courts.  See Da14-15, Da29-31, Da63, Da125-126 and Da217-221.

(3) Plaintiff, who has already paid the prepayment fee he now contests (Amended Complaint, ¶7), lacks standing to assert a claim for injunctive relief.  He cannot create such standing for himself by pleading a putative class action.[8]  Moreover, a claim for reformation of existing notes and mortgages is not the type of "provisional or ancillary" remedy that is excepted from the scope of the Agreement.  All of this, too, has been decided in Option One's favor by the state trial and appellate courts.  See Da40-41, Da60-63, Da133-134 and Da221-223.

Likewise, among the many arguments Plaintiff presents here to contest the validity and enforceability of the Arbitration Agreement there is absolutely nothing new – nothing that has not already been litigated and decided (against Plaintiff) in this case.  Again, Option One refers the Court to previous briefing

---

[8] See Kauffman v. Dreyfus Fund, Inc., 434 F. 2d 727, 734 (3d Cir. 1970), cert. denied, 401 U.S. 974 (1971) (what a plaintiff may not achieve himself, he may not accomplish as a representative of a class); O'Shea v. Littleton, 414 U.S. 488, 494 (1974) (a named plaintiff may not meet standing requirements by relying on the claims and potential standing of putative class members); Weit v. Continental Ill. Nat'l Bank & Trust Co., 641 F. 2d 457, 469 (7th Cir. 1981), cert. denied, 455 U.S. 988, 102 S. Ct. 1610, 71 L. Ed. 2d 847, reh'g denied, 456 U.S. 938, 102 S. Ct. 2001, 72 L. Ed. 2d 461 (1982) (plaintiffs who lack the requisite stake in a particular controversy may not "bootstrap that element into their claim by means of a class action").

and argument for further analysis of these arguments, if needed.[9]

Even assuming, for the purposes of this motion only, that Plaintiff has presented justiciable claims based on federal law, Plaintiff's Amended Complaint must still be dismissed, because these claims are subject to a valid and enforceable Arbitration Agreement.

---

[9] See Truth-in-Consumer Contract Act, Da49-51, Da72, Da113-115, Da214-229 and Da257-263; New Jersey Home Ownership Security Act, N.J.S.A. 46:10B-22 et seq., Da22-24 and Da70-71; New Jersey Plain Language statute, Da47-49, Da72-74, Da115-117 and Da212-214; "unconscionability" based on non-mutuality, Da25-26, Da64-70, Da121-122 and Da214-238; "unconscionability" based on potentially high arbitration fees, Da27-29, Da64-70, Da122-125 and Da214-238; "unconscionability" of waiver of "right" to represent a class, Da29-31, Da64-70, Da125-125 and Da214-238; "unconscionability" of provision requiring party who refuses to submit to arbitration as agreed to pay fees and costs incurred by party moving to compel arbitration, Da32-33, Da64-70, Da126-128 and Da214-238; out-of-state law conflicting with well-established federal and New Jersey law favoring arbitration of disputes, Da33-37, Da64-70, Da128-131 and Da214-238; general disadvantages of arbitration, Da34-37 and Da129-131.

## CONCLUSION

Plaintiff's state law-based attacks on the prepayment fee he paid to Option One must be dismissed because they are foreclosed by Glukowsky and the New Jersey Appellate Division has found them to be moot.

These and all of Plaintiff's remaining claims – state and federal -- must be dismissed in favor of arbitration because they are subject to a valid and enforceable Arbitration Agreement.

Respectfully submitted,

**REED SMITH LLP**

/s/ MARK S. MELODIA
Mark S. Melodia, Esquire
Lauren Graham Delehey, Esquire
136 Main Street, Suite 250
P.O. Box 7839
Princeton, NJ 08543-7839

Attorneys for Defendant
Option One Mortgage Corporation

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KEVIN SALVADORI,              :        Civil Action No. 1:05cv4974

        Plaintiff,            :

           v.               :        **CERTIFICATION OF SERVICE**

OPTION ONE MORTGAGE CORP.,   :
A CALIFORNIA CORPORATION,

        Defendant.          :

                              :

I hereby certify that on December 5, 2005, I caused the foregoing Reply Memorandum of Law and Appendix in Further Support of Defendant Option One Mortgage Corporation's Motion to Dismiss Plaintiff's Amended Complaint and Compel Arbitration, and Certification of Service, to be served by electronic filing upon the Clerk for the United States District Court, for the District of New Jersey, Mitchell H. Cohen U. S. Courthouse, 1 John F. Gerry Plaza, 4th & Cooper Streets, Camden, New Jersey 08101 and a courtesy copy by overnight delivery to Hon. Freda L. Wolfson, U.S.D.J. and a copy by electronic delivery and overnight delivery upon the

attorney of record for Plaintiff, Kevin Salvadori, Lewis G. Adler, Esq., 26 Newton Avenue, Woodbury, New Jersey.

**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
P.O. Box 7839
Princeton, New Jersey 08053-7839
(609)-987-0050
Attorneys for Defendant,
Option One Mortgage Corp.


By:   /s/ LAUREN GRAHAM DELEHEY
        Mark S. Melodia, Esq.
        Lauren Graham Delehey, Esq.

Dated:  December 5, 2005