# ReedSmith

**Mark S. Melodia**
Direct Phone: 609.520-6015
Email: mmelodia@reedsmith.com

Reed Smith LLP
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, NJ 08540-7839
609.987.0050
Fax 609.951.0824

January 4, 2006

**VIA ELECTRONIC FILING AND OVERNIGHT MAIL**

The Honorable Freda L. Wolfson
United States District Judge
United States District Court For The
District of New Jersey
Mitchell H. Cohen United States Courthouse
1 John F. Gerry Plaza, Room 6020
4th & Cooper Streets
Camden, NJ 08101

    RE:    **Kevin Salvadori v. Option One Mortgage Corp.**
             **United States District Court For The District of New Jersey**
             **Civil Action No. 1:05cv4974**

Dear Judge Wolfson:

    On behalf of Defendant Option One Mortgage Corporation ("Option One"), please accept this letter memorandum in response to the supplemental letter memorandum dated December 27, 2005, by which Plaintiff Kevin Salvadori ("Plaintiff") submitted to this Court a copy of the recent unpublished New Jersey Appellate Division opinion in <u>Fernandes v. Ramsey Nissan</u> (Docket No. A-3085-04T23085-04T2). The <u>Fernandes</u> opinion cannot and should not bear upon the decided law of this case, nor upon this Court's decision on Option One's Motion to Dismiss Plaintiff's Amended Complaint and Compel Arbitration because it is (1) unpublished and therefore not precedential; and (2) factually and procedurally disparate from this case and therefore neither relevant nor persuasive on the issues before this Court.

LONDON ♦ NEW YORK ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ PRINCETON ♦ FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ LEESBURG
reedsmith.com
Steven J. Picco ♦ Office Administrative Partner ♦ A Limited Liability Partnership formed in the State of Delaware

PHLLIB-869483.4-LGDELEHE 1/4/06 1:17 PM

The Honorable Freda L. Wolfson　　　　　　　　　　　　　　　　　　　　**ReedSmith**
January 4, 2006
Page 2

## I.　ARGUMENT

### A.　*Fernandes* is Not Precedential to this Court

Plaintiff has supplemented his opposition to Option One's Motion to Dismiss and Compel Arbitration by submitting to this Court a copy of the recent unpublished New Jersey Appellate Division opinion in *Fernandes v. Ramsey Nissan* (Docket No. A-3085-04T23085-04T2). This state court decision is not precedential to this federal court, deciding a federal issue under a federal statute (the Federal Arbitration Act). Not even New Jersey state courts would be bound to follow this decision. New Jersey Civil Procedure Rule 1:36-3 provides that, "No unpublished opinion shall constitute precedent or be binding upon any court." *Fernandes* is of no precedential value to this Court and should not be considered here.

### B.　*Fernandes* is Factually and Procedurally Inapplicable to this Case

Even if *Fernandes* could be valid precedent for this Court, the decision can have no impact on the issues in this case, because it is factually and procedurally inapposite.

In sharp contrast to the circumstances involved in this case, *Fernandes* presents an extreme example of an attempt by the defendants to apply an arbitration clause very late in the litigation game and to potentially prejudicial effect. The *Fernandes* defendants had already answered the complaint and, six days before the scheduled trial date, they were facing a motion to strike their answer for failure to respond to discovery. They sought to wipe out the ongoing lawsuit by arguing for the first time on the eve of trial that the court lacked subject matter jurisdiction over the suit because the parties' agreement contained a binding arbitration provision. The *Fernandes* defendants never requested, demanded or took any steps whatsoever to have the plaintiffs' dispute submitted to arbitration.

It was in that context that the *Fernandes* court noted, "By its express terms, the arbitration provision neither compels arbitration nor provides that a party waive all rights to prosecute a claim

The Honorable Freda L. Wolfson
January 4, 2006
Page 3

**ReedSmith**

arising out of a lease in a court of law." In other words, the court found that the mere existence of an arbitration agreement did not automatically eliminate the court's subject matter jurisdiction. Yet even in those extreme circumstances, the Appellate Division expressly declined to "speculate" whether the Fernandes defendants would have been permitted to *file* for arbitration (rather than merely declaring that the court automatically lacked subject matter jurisdiction), "given the impending trial date."

The Fernandes court's conclusion that those parties' agreement did not automatically eliminate the court's subject matter jurisdiction would present no conflict with an Order compelling arbitration in this case. Option One does not argue that the parties' Arbitration Agreement, with no other action by either party, eliminates this Court's subject matter jurisdiction over this case. (If neither Plaintiff nor Option One had requested that this dispute be submitted to arbitration, then this court would be the proper forum to hear this case). Rather, Option One comes to this Court, after having made repeated requests to Plaintiff that this dispute be submitted to arbitration in accordance with the parties' Agreement, and after already having obtained a state court Order compelling Plaintiff to submit this dispute to arbitration. Option One now asks this Court to once again order Plaintiff to submit his dispute to arbitration in accordance with the parties' Agreement.

C.  **The Timeliness and Effectiveness (Non-Waiver) of Option One's Request for Arbitration is the Decided Law of this Case**

As discussed in Option One's motion and reply briefing, Plaintiff's "waiver" argument was raised and thoroughly argued before and rejected by both the state trial and appellate courts -- Option One has *not* waived its right to enforce the parties' Arbitration Agreement.[1] Plaintiff has presented no

---

[1] See Appendix, submitted by Option One with its Reply Memorandum of Law ("Da"). In dismissing the Complaint in favor of arbitration, Hon. Anne McDonnell, J.S.C. stated, "The balance of the plaintiff's arguments, *including waiver, are without merit.*" Da104. See also Da266-267.

The Honorable Freda L. Wolfson
January 4, 2006
Page 4

**ReedSmith**

basis to disturb that decided law of this case. As such, we will not reargue the entire issue, but provide here a brief summary, with cites to state court pleadings and orders already before this court.

Unlike the <u>Fernandes</u> agreement, the Arbitration Agreement at issue here specifies that either party may *"request that a dispute be submitted to arbitration,"* and it explicitly states that the party may make such a request, "before a lawsuit (which is usually initiated by the filing of a "complaint") has been served or within 60 days after a complaint, an answer, a counterclaim or an amendment to a complaint has been served." Contrary to what Plaintiff tries to argue here, the Agreement imposes no requirement that a party *initiate* an arbitration proceeding against itself. See Da7-9, 58-60, 78-80, 251-254.

Option One has followed both the letter and the spirit of the parties' Arbitration Agreement. Option One has now requested arbitration, in writing, no less than five times, all within the contractually-specified "60 days after a complaint, an answer, a counterclaim or an amendment to a complaint has been served," and all before filing an Answer or commencing discovery.[2] There can be no colorable argument that Option One has failed to *request that this dispute be submitted to arbitration,* as is required under the parties' Arbitration Agreement.

---

[2] Following service of Plaintiff's initial Complaint on May 24, 2003, Option One requested arbitration both orally and by letter dated June 30, 2003. Plaintiff then voluntarily dismissed his initial Complaint and filed the identical Complaint, under a new docket number, four months later. This was apparently an attempt to manufacture this "waiver" argument. Option One again requested, in writing, that Plaintiff submit his dispute to arbitration, in letters dated January 20 and 21, 2004. Plaintiff having refused to submit the dispute to arbitration, Option One moved to dismiss the Complaint and compel arbitration. The state trial court granted Option One's motion on March 25, 2004. Plaintiff appealed and was allowed to amend his Complaint. Option One responded to Plaintiff's Amended Complaint with this motion. See Certification of Lauren Graham Delehey, submitted to this Court with Option One's Motion to Dismiss Plaintiff's Amended Complaint and Compel Arbitration, Exhibits F, G, H, I and J; see also Da7-9, 58-60, 78-80, 251-254.

The Honorable Freda L. Wolfson
January 4, 2006
Page 5

ReedSmith

## II. CONCLUSION

For all of the above reasons and for all the reasons elaborated in Option One's motion and reply memoranda of law, Plaintiff's Amended Complaint must be dismissed and Plaintiff must be compelled to proceed against Option One, if at all, in an arbitration proceeding, in accordance with the parties' valid and enforceable Arbitration Agreement.

Respectfully submitted,

/s/Mark S. Melodia

MSM
Enclosures

cc: Clerk of the Court (w/encls.) (via electronic filing and overnight mail)
Lewis G. Adler, Esquire (w/encls.) (via electronic filing and overnight mail)

**REED SMITH LLP**
Mark S. Melodia
Lauren Graham Delehey
Princeton Forrestal Village
136 Main Street, Suite 250
P.O. Box 7839
Princeton, New Jersey 08053-7839
(609)-987-0050
Attorneys for Defendant,
Option One Mortgage Corp.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN SALVADORI, | : | Civil Action No. 1:05cv4974 |
| Plaintiff, | : | |
| v. | : | **CERTIFICATION OF SERVICE** |
| OPTION ONE MORTGAGE CORP., A CALIFORNIA CORPORATION, | : | |
| Defendant. | : | |

I hereby certify that on January 4, 2006, I caused the foregoing supplemental letter memorandum of law and Certification of Service to be served by electronic filing and overnight mail upon the Honorable Freda L. Wolfson, U.S.D.J. and upon the Clerk for the United States District Court for the District of New Jersey, Mitchell H. Cohen U. S. Courthouse, 1 John F. Gerry Plaza, 4th & Cooper Streets, Camden, New Jersey 08101 and a copy by electronic delivery and overnight mail upon the

attorney of record for Plaintiff, Kevin Salvadori: Lewis G. Adler, Esq., 26 Newton Avenue, Woodbury, New Jersey.

                                **REED SMITH LLP**
                                Princeton Forrestal Village
                                136 Main Street, Suite 250
                                P.O. Box 7839
                                Princeton, New Jersey 08053-7839
                                (609)-987-0050
                                Attorneys for Defendant,
                                Option One Mortgage Corp.


                                By:___/s/ MARK S. MELODIA____
                                       Mark S. Melodia, Esq.

Dated: January 4, 2006