[6]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN SALVADORI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.05-4974 (FLW) |
| | : | |
| v. | : | |
| | : | |
| OPTION ONE MORTGAGE CORP., | : | |
| A CALIFORNIA CORPORATION, | : | **OPINION** |
| | : | |
| Defendant. | : | |
| | : | |

**WOLFSON,** District Judge

Presently before the Court is a Motion to Dismiss and Compel Arbitration by Defendant,

Option One Mortgage Corp. ("Option One").  Plaintiff, a residential mortgage borrower, filed

suit in state court to challenge a prepayment penalty arising out of a loan transaction.  Defendant

contends that Plaintiff's claims, including his newly pled federal claims,  are expressly covered

by the parties' Arbitration Agreement.  As such, Defendant seeks enforcement of the Arbitration

Agreement via dismissal of Plaintiff's Complaint in favor of arbitration.  For the reasons set forth

below, the Court will dismiss Plaintiff's Complaint and enforce the Arbitration Agreement.

1

**I. Background**

On or about May 18, 2001, Plaintiff borrowed $222,412 from Option One to finance the purchase of a residential property in Sewell, New Jersey ("the Loan").  The Loan was secured by an Adjustable Rate Note and Mortgage, executed by Plaintiff,  which contained various provisions including a requirement that Plaintiff pay a penalty if he repaid the Loan within 24 months of the closing.

At the closing of the loan, Plaintiff executed and delivered to Defendant an Agreement for the Arbitration of Disputes ("the Arbitration Agreement").  The Arbitration Agreement is a separate, signed, two page document with its title "Agreement for the Arbitration of Disputes" set forth in bold, capital letters at the top of the first page.  On the second page, in bold capital letters, the Agreement states, "[t]his contract contains a binding arbitration provision which may be enforced by the parties."   In addition, the text of the agreement contains an advisory provision in bold type that states, "[i]f you have any questions, you should consult your own lawyer before you sign this Agreement."

The substance of the Agreement provides that both parties waive their right to have disputes resolved in court.  In addition, the Agreement establishes that any dispute regardless of when it arose, may, at the option of Plaintiff or Defendant, be submitted to arbitration, and it defines dispute broadly to include:

> Any claim or controversy of any nature whatsoever arising out of
> or in any way related to the Loan; the arranging of the Loan; any
> application, inquiry or attempt to obtain the Loan; any Loan
> documents; the servicing of the Loan; or any other aspect of the
> Loan transaction.  It includes, but is not limited to federal or state
> contract, tort, statutory, regulatory, common law and equitable
> claims.  Because you and we have agreed to arbitration, both of us

2

are waiving our rights to have disputes resolved in court by a judge
or jury.

Moreover, the Arbitration Agreement provides the following definition of arbitration:

Arbitration: Arbitration is a means of having an independent third
party resolve a dispute. Either you or we can request that a dispute
be submitted to arbitration. Either you or we can do this before a
lawsuit (which is usually initiated by the filing of a "complaint")
has been served or within 60 days after a complaint, an answer, a
counterclaim or an amendment to a complaint has been served.
Each arbitration, including the selection of the arbitrator, will be
administered by the American Arbitration Association (the
"AAA") pursuant to its Commercial Arbitration Rules. Each
arbitration will be governed by the Federal Arbitration Act (the
"FAA") (Title 9 of the United States Code). . .If either party, you or
we, fails to submit to arbitration following a proper demand to do
so, that party shall bear all costs and expenses, including
reasonable attorney's fees, incurred by the other party compelling
arbitration. In all other situations, each party, you and we, shall
each bear its own costs and expenses, including Arbitrator's and
attorney's fees, that the party incurs with respect to the arbitration.

(emphasis added).

Plaintiff paid the Loan in full within 24 months of closing, thus, incurring a prepayment

fee of approximately $7,349.50.  Plaintiff paid Defendant the fee, and, subsequently, on or about

May 24, 2003,  filed a Complaint against Option One in the Superior Court of New Jersey, Law

Division, Gloucester County ("Gloucester County Superior Court"), challenging the prepayment

fee. Thereafter, Defendants contacted Plaintiff's counsel to demand that Plaintiff submit his

claims to arbitration pursuant to the Arbitration Agreement. Plaintiff's counsel voluntarily

dismissed the Complaint on or about August 12, 2003, but never submitted his claim to

arbitration.

3

On or about December 24, 2003, Plaintiff filed an identical complaint in Gloucester County Superior Court.  Thereafter, on March 25, 2004, the state court dismissed the Complaint and compelled Plaintiff to pursue his claims through arbitration in accordance with the Arbitration Agreement. In its Order, the court made various findings including: (1) that the Arbitration Agreement expressly provided that it would be governed by the FAA and the FAA requires courts to compel arbitration when an agreement so requires; (2) that Plaintiff's challenge to the prepayment fee constituted a "dispute" that fell within the scope of the Agreement; (3) that Plaintiff's remaining arguments were without merit under New Jersey case law; and that (4) the strong policy in favor of arbitration warrants enforcement of the Arbitration Agreement.

On or about April 23, 2004, Plaintiff filed an appeal. In a decision dated April 27, 2005, the Appellate Division remanded the case to the Law Division to allow Plaintiff to amend his complaint to assert any  "post-Glukowsky[1]" claims arising under Federal Law.  Specifically, the Appellate Division held, "[p]laintiffs' assertions on appeal, that their claims that Option One's prepayment provision is illegal and violative of the New Jersey prepayment law and the C[onsumer[ F[raud] A[ct] were improperly dismissed in favor of arbitration, are rendered moot by the Supreme Court's decision in Glukowsky. Nevertheless. . .we summarily remand the matters to permit plaintiffs an opportunity to amend their complaints to assert any post Glukowsky claims they may have under the applicable Federal Law."

---

[1]On May 26, 2004, after Plaintiff had filed his appeal in the New Jersey Appellate Division, the Supreme Court of New Jersey decided  Glukowsky v. Equity One, Inc., 180 N.J. 49 (2004).  In Glukowsky, the court upheld the validity of a regulation promulgated by the federal Office of Thrift Supervision ("OTS") that authorized certain lenders to charge prepayment fees in mortgage transactions.  Moreover, the Court held that the federal regulation preempted contrary New Jersey state law prohibiting the charging of prepayment fees.

On August 29, 2005, Plaintiff filed an Amended Complaint that set forth a federal claim

based on the Federal Trade Commission ("FTC") Act as well as various state law claims.  Based

on the federal claims, Defendant removed the case to federal court on or about October 13, 2005.

## II. Legal Standard

Motions to compel arbitration are reviewed under the summary judgment standard set

forth in Fed. R. Civ. P 56(c).  Cunningham v. Citigroup, Inc., 2005 WL 3454312 at *2; see also

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 n. 9 (3d Cir.1980) ("Application

of [the summary judgment] standard to [arbitration determinations] is appropriate inasmuch as

the district court's order to arbitrate is in effect a summary disposition of the issue of whether or

not there had been a meeting of the minds on the agreement to arbitrate.").  Therefore, the

movant must prove through pleadings, depositions, affidavits and answers to interrogatories that

there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The court must consider all of the non-moving party's evidence and

construe all reasonable inferences in the light most favorable to the non-moving party.  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## III. Discussion

As discussed above, this dispute has a lengthy procedural history that includes several

attempts to compel arbitration by the Defendants as well as numerous rulings, dismissals and

appeals in the New Jersey state courts.  However, none of the aforementioned litigation involves

the substantive merits of the case, except for the Appellate Court's ruling that certain state claims

were rendered moot by the Supreme Court in <u>Glukowsky</u>.  Instead, the only issue that has been –

and is currently being –  litigated between these parties is the proper forum for the dispute.

Plaintiff contends that the Arbitration Agreement is unenforceable, and therefore, that the

judicial system is the proper forum for the instant dispute.   Specifically, Plaintiff argues that: (1)

the Arbitration Agreement violates the New Jersey Truth in Consumer, Contract, Warranty and

Notice Act ("NJTCCA"), N.J. Stat. Ann. 56:12-14 et seq.; and (2) that the prepayment penalty

violates the Federal Trade Commission ("FTC") Act[2] and represents an unconscionable business

practice.[3]  Defendant, on the other hand, contends that the instant dispute is expressly covered by

the Arbitration Agreement and that Option One may therefore compel arbitration pursuant to the

terms of the contract between the parties.  Specifically, Defendant argues that Plaintiff's state

law-based claims must be dismissed because they are foreclosed by <u>Glukowsky</u> and that

Plaintiff's newly pled federal and state claims must be dismissed in favor of arbitration because

they are subject to the parties' Arbitration Agreement[4].

_____

[2]Plaintiff, however, has not identified which, if any, provisions of the FTC Act apply to the instant dispute.

[3] In addition, Plaintiff's Amended Complaint alleges various causes of action arising under state law.  However, the Court notes that these claims are identical to claims alleged in Plaintiff's Initial Complaint.  As discussed above, the Gloucester Superior Court dismissed Plaintiff's claims in favor of arbitration pursuant to the Arbitration Agreement.  These claims included the claim that: (1) the arbitration clause is unenforceable because it is unconscionable; (2) that the waiver of the right to bring class action renders the Agreement unenforceable; and (3) that defendant waived its right to arbitrate. Moreover, in a decision dated April 27, 2005,  the New Jersey Appellate Division dismissed these claims as moot pursuant to the New Jersey Supreme Court's decision in <u>Glukowsky</u>. Accordingly, this Court will not consider these claims.

[4]To the extent that Defendant is arguing that this Court should dismiss Plaintiff's newly pled claims on the merits, the Court need not reach this argument because, as discussed <u>infra</u>, the Court finds that all Plaintiff's claims regarding the prepayment penalty are arbitrable and, as

Thus, the question before this Court is straightforward: because the State Court did not have the opportunity to decide whether the Arbitration Agreement was enforceable under the NJTCCA or whether Plaintiff's newly pled federal claims were subject to arbitration, this Court must determine these issues, and these issues only.[5]

## 1. New Jersey Truth in Consumer Contract, Warrant and Notice Act

Plaintiff contends that the Arbitration Agreement at issue here is unenforceable because it violates the New Jersey Truth-in Consumer Contract, Warranty and Notice Act ("NJTCCA"), N.J. Stat. Ann. § 56:12 et seq.  The NJTCCA prohibits the enforcement of contract provisions that violate "any clearly established legal right of a consumer. . .as established by State or Federal law."  N.J. Stat. Ann. § 56:12-15.  Therefore, Plaintiff argues that the Arbitration Agreement violates the NJTCCA because, by signing the Agreement, Plaintiff waived his right to have any dispute resolved in a judicial forum and that he waived his right to bring a class action lawsuit. The Court does not agree.[6]

---

such, the Court dismisses these claims in favor of arbitration.

[5]As noted above, to the extent that Plaintiff reargues the merits of the claims that the Gloucester Superior Court already found to be arbitrable, the Court will not consider these issues. Moreover, to the extent that Plaintiff is rearguing causes of action that were rendered moot by the New Jersey Supreme Court's decision in Glukowsky, the Court will similarly not consider these issues.  Instead, the only issues that are properly before this Court are whether the newly pled issues in Plaintiff's amended Complaint affect the enforceability of the Arbitration Agreement. See also fn 3.

[6]The Court notes that to the extent that the Defendants argue that Plaintiff's amendment of the Complaint to add the NJTCCA claim violates the Appellate Division's Order because this is a state law claim and not a "post-Glukowsky" claim under federal law, the Court will not consider this as the Court finds that all claims relating to this dispute are to be addressed, if at all, in arbitration.

According to its terms, the NJTCCA prohibits consumer contracts with provisions that "violate[] any clearly established legal right of a consumer." N.J. Stat. Ann. § 56:12-15. In the instant matter, Plaintiff contends that the arbitration agreement violated his right to a jury trial. In other words, Plaintiff attempts to equate a contract provision that violates a consumer's legal rights with a consumer's ability to voluntarily waive certain rights. Plaintiff is wrong. The plain language of the statute establishes that the focus of the Act is to preclude violations of clearly established rights, not the voluntary waiver of rights. Moreover, as Defendant points out, Plaintiff's "very extreme premise – that this law prohibits any contract clause that seeks to waive a consumer's rights obviously misstates the law, as a variety of waivers of consumer rights are routinely made and enforced." Def.'s Reply at 11. Indeed, consumers may waive their rights to bring suit in a particular jurisdiction, see, e.g., Haynoski v. Haynoski, 264 N.J.Super. 408, 413, 624 A.2d 1030 (App.Div.1993), waive their rights to bring suit under particular set of laws, Lewin v. Long, 70 F.Supp. 2d 534, 543 (D.N.J. 1999), waive privacy rights by consenting to share personal information, see 15 U.S.C. § 1681b, and waive some notice and procedural rights in various situations. N.J.Stat. Ann. 12A:9-624. Thus, I find that Plaintiff's claim under the NJTCCA represents a misreading of the statute.

Moreover, Plaintiff's reading of the statute would render all arbitration agreements in consumer contracts unlawful and unenforceable. I find such a reading implausible. Federal and New Jersey law and public policy favor the arbitration of disputes. For example, the Federal Arbitration Act ("FAA") the FAA was enacted to "revers[e] centuries of judicial hostility to arbitration agreements" by "plac[ing] arbitration agreements upon the same footing as other contracts." Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110, 1113 (3d

Cir.1993). Similarly, in New Jersey, it is well-established that consumer claims may be properly subject to arbitration. <u>Caruso v. Ravenswood Developers, Inc</u>., 337 N.J. Super. 499, 504-505 (App. Div. 2001) ("It is clear that 'a statutory remedy does not, in itself, affect the favored status accorded to arbitration.'. . . In fact, '[o]nly if a statute or its legislative history evidences an intention to preclude alternate forms of dispute resolution, will arbitration be an unenforceable option.'"). In addition, the State of New Jersey has a strong public policy favoring arbitration. N.J. Stat. Ann. 2A:241-11; <u>see also e.g.</u>, <u>Martindale v. Sandvik, Inc</u>., 173 N.J. 76, 84-85 (2002) ("The New Jersey Legislature codified its endorsement of arbitration agreements in N.J.S.A. 2A:24-1 to -11. Moreover, New Jersey courts also have favored arbitration as a means of resolving disputes. . .Thus, in deciding whether to enforce the arbitration provision in this application for employment, we rely on the well-recognized national policy and the established State interest in favoring arbitration.")(citations omitted). For these reasons, the Court finds that the Arbitration Agreement did not violate any clearly established legal right of Plaintiff.

**2. FTC Act**

In Count V of the Complaint, Plaintiff alleges that Defendant failed to disclose the terms of the prepayment penalty in violation of the FTC Act[7]. 15 U.S.C. § 41 et seq. However, this Court finds that any alleged violation of the FTC Act regarding the prepayment penalty, or any other claim relating to the prepayment penalty, would be subject to the Arbitration Agreement.

Under the FAA, it is well-settled that in determining whether a matter must be submitted

---

[7]Although Plaintiff fails to set forth a particular section of the FTC Act that prohibits Defendants' actions, the Court notes that generally, the FTC Act prohibits unfair or deceptive practices in commerce. 15 U.S.C. § 45(a)(1).

to arbitration, a court must determine: (1) whether a valid agreement to arbitrate exists; and (2) whether the specific dispute falls within the substantive scope of that agreement. <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 514, 626-628 (1985).  As noted throughout this opinion, the parties executed a signed and valid Agreement to Arbitrate that has been upheld by this Court as well as by the Gloucester County Superior Court.  Thus, the first prong of <u>Mitsubishi</u> is satisfied.  Moreover, in the instant matter, the Arbitration Agreement covers "any claim or controversy of any nature whatsoever arising out of or in any way related to the Loan. . ."   In addition, the Agreement specifies that it includes "federal or state contract, tort, statutory, regulatory, common law and equitable claims."  Delehy Cert., Def.'s Ex. E.

Therefore, pursuant to the two-prong analysis set forth by the U.S. Supreme Court in <u>Mitsubishi Motors</u>, this Court finds that Plaintiff's claim falls within the scope of the Arbitration Agreement, and I hold that any claim that the prepayment penalty violated the FTC Act must be submitted to arbitration and not to resolution in a judicial forum[8].


**3. Costs and Expenses**

---

[8]As noted above, the Court will not consider the merits of any claim relating to the prepayment penalty because the Court finds that these claims are arbitrable.  The Court notes that this includes any claim that the prepayment penalty is excessive in violation of federal or state law and that the claim is an unconscionable contract provision.  <u>See</u> <u>supra</u> fn. 3. Moreover, at this juncture, the Court finds it appropriate to note that to the extent that Plaintiff's Brief to this Court attempts to argue that the arbitration agreement is unconscionable, Plaintiff's Brief is taken, verbatim, from his brief to the Gloucester County Superior Court.  Therefore, these are the exact claims that were dismissed in favor of arbitration by the Gloucester County Superior Court in a decision dated March 25, 2004.  <u>See</u> Defs. Appendix at 102.   Moreover, as discussed above, the New Jersey Appellate Division dismissed as moot all Plaintiff's claims in this case except for any post-<u>Glukowsky</u> claims. Plaintiff does not get a second bit at the apple here.  The Court will not consider Plaintiff's claim that the Arbitration Agreement is unconscionable.

As part of the instant motion, Defendant seeks, under the Arbitration Agreement, an award of costs and expenses, including attorney's fees incurred in compelling arbitration.  The Arbitration Agreement provides: "[i]f either party, you or we, fails to submit to arbitration following a proper demand to do so, that party shall bear all costs and expenses, including reasonable attorney's fees, incurred by the other party compelling arbitration."  See Delehy Cert., Ex. D.

In the instant matter, Defendant requested that Plaintiff submit his dispute to arbitration pursuant to the terms of the Arbitration Agreement.  Defendant's request was proper and made within the time frame set forth in the terms of the Arbitration Agreement.[9]  Plaintiff refused Defendant's request, and subsequently filed a Complaint in State Court.  At this juncture, the Court has resolved the motion in favor of Defendant. Therefore, in accordance with the binding Arbitration Agreement, the Court will award Defendant the costs and expenses incurred, including reasonable attorney's fees, that Defendant has incurred in compelling arbitration.  However, I am limiting the award to the costs and expenses incurred by Defendant in compelling arbitration in this Court.  Defendant shall submit a proposed cost and expense award to

---

[9]At this juncture, it is appropriate for the Court to briefly address Plaintiff's argument that Defendant waived the right to arbitrate because it failed to initiate arbitration procedures.  The Court does not agree.  The Arbitration Agreement establishes: "[e]ither you [Plaintiff] or we [Defendant] can request that a dispute be submitted arbitration."  Thus, the Agreement only requires Defendant to "request" that Plaintiff submit to arbitration.  The Agreement does not require Defendant to initiate arbitration.   In the instant matter, Defendant made a written demand for arbitration less than 60 days after service of the Complaint. In response, Plaintiff voluntarily dismissed his initial Complaint. However, 60 days later, Plaintiff filed an identical Complaint alleging that Defendant had waived its right to compel arbitration because it did not initiate a claim against itself.  Not only has Plaintiff already made this "waiver" argument in state court, see supra fn. 3, but the Court finds that it would be nonsensical to require Defendant to initiate arbitration where Plaintiff is the claimant in the matter.

Plaintiff's counsel within 14 days, however, such a proposed cost award shall not include any costs or expenses incurred in compelling arbitration before the state courts.  Counsel shall discuss any objections and Plaintiffs and Defendant shall file their respective papers on this issue within a further 14 days.

## IV. Conclusion

For the reasons stated above, Defendant's Motions to Dismiss and Compel Arbitration is granted.  An appropriate order follows.

/s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge

Dated: March 16, 2006