**NOT FOR PUBLICATION** [Doc. Entry No. 23]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
_____
                               :
KEVIN SALVADORI,               :
                               :
           Plaintiff,          :   Civil Action No. 05-4974 (RMB)
                               :
     v.                        :   OPINION
                               :
OPTION ONE MORTGAGE CORP.,     :
                               :
           Defendant.          :
_____:
```

APPEARANCES:

Lewis G. Adler
Law Office of Lewis Adler
26 Newton Avenue
Woodbury, NJ 08096
          Attorney for Plaintiff Kevin Salvadori

Lauren Graham Delehey
Reed Smith, LLP
136 Main St.
Suite 250
P.O. Box 7839
Princeton, NJ 08543-7839
          Attorney for Defendant Option One Mortgage Corp.

**BUMB**, United States District Judge:

      This matter comes before the Court upon a motion for attorneys' fees and costs by Defendant Option One Mortgage Company ("Option One"). Plaintiff Kevin Salvadori brought suit to recover a prepayment penalty which was levied against him by

1

Option One when he repaid his mortgage early.  Option One successfully moved to dismiss the complaint and compel the parties to arbitrate the dispute in accordance with the loan agreement's arbitration clause.  For reasons discussed below, Option One's motion for attorneys' fees and costs will be granted, but the fee award requested will be reduced.

**I. Background**

The instant motion may be the penultimate chapter in a dispute that has been brought to the doors of no less than four different courts thus far.  That procedural saga belies the pedestrian series of events that gave rise to the underlying claim.  In May 2001, Salvadori secured a mortgage from Option One in order to finance the purchase of a residential property in Sewell, New Jersey.  The mortgage agreement contained a provision that required "any claim . . . whatsoever arising out of . . . the loan" be arbitrated.  The agreement also included a provision that levied a prepayment penalty if Salvadori repaid the mortgage in full within twenty-four months.  Salvadori ran afoul of this latter provision when he refinanced his mortgage, thus repaying Option One in full while within the twenty-four month window.  Salvadori paid the contractual prepayment penalty and then instituted an action in the Superior Court of New Jersey to

recover the penalty.

    The parties are more than familiar with the details of the litigation that ensued.  The larger picture will be sufficient to provide the context relevant to this motion.  The New Jersey trial court dismissed Salvadori's complaint in the face of the binding arbitration agreement.  <u>Salvadori v. Option One Mortg. Co.</u>, No. GLO-L-1999-03 (N.J. Sup. Ct. Law Div. Mar. 25, 2004).  On appeal the dismissal was affirmed; however, the appellate panel remanded so that Salvadori could amend his complaint to assert claims raised on appeal but not addressed by the trial court.  <u>Salvadori v. Option One Mortg. Co.</u>, Doc. No. A-4463-03T3 (N.J. Sup. Ct. App. Div. Apr. 27, 2005).  Salvadori's amended complaint brought claims under federal law, leading Option One to remove the action to this Court.  [Doc. Entry No. 1, Oct. 13, 2005].  Notwithstanding Salvadori's new claims, this Court affirmed the validity of the arbitration clause, dismissed the complaint, and compelled the parties to arbitrate the dispute.  [Doc. Entry Nos. 14, 15, March 16, 2006].  Salvadori has appealed that decision to the Court of Appeals for the Third Circuit.  [Doc. Entry No. 18, April 17, 2006].

    In its motion to dismiss Salvadori's complaint, Option One sought an award of attorneys' fees and costs as provided for in the arbitration agreement.  The Honorable Freda Wolfson granted Option One's request in her Opinion and Order of March

16, 2006.  [Docket Entry No. 14 at 11].  However, Judge Wolfson limited "the award to the costs and expenses incurred . . . in compelling arbitration in this Court."  Id.  Pursuant to Judge Wolfson's Order, Option One has submitted the motion and certification now before the Court.  Option One seeks $29,472.00 in attorneys' fees and $1,376.03 in costs for a total of $30,848.03 in expenses incurred in its successful motion to dismiss.  Salvadori objects and argues that the requested award is excessive.

**II. Standard**

The party moving for fees bears the burden of establishing the "reasonableness" of the request via specific "evidence supporting the hours worked and rates claimed." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Once the moving party has provided such evidence, "the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee."  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)(citations omitted).  The court may not "decrease a fee award based on factors not raised at all by the adverse party."  Id.; Bell v. United Princeton Prop., Inc., 884 F.2d 713, 720 (3d Cir. 1989).  If the "opposing party lodges a sufficiently specific objection to an aspect of a fee award,

4

the burden is on the party requesting the fees to justify the size of its award." Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 713 (3d Cir. 2005). The "district court has a great deal of discretion to adjust the fee award in light of those objections." Rode, 892 F.2d at 1183; see also, Bell, 884 F.2d at 721 (noting that "the court will inevitably be required to engage in a fair amount of 'judgment calling' based upon its experience with the case and its general experience as to how much time a case requires").

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. This establishes a lodestar; a fee award presumed reasonable. Rode, 892 F.2d at 1183. In assessing the lodestar, the Court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Interfaith Comm. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 711 (3d Cir. 2005) (citations omitted). Hours not generally billed to one's own client are properly excluded from a fee award against an adversary. Public Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995).

**III. Analysis**

Option One presents the certification of Lauren Graham Delehey in support of its motion. According to Delehey's certification, Option One employed two counsel in this matter: Delehey and Mark S. Melodia. (Delehey Certif. ¶ 5, May 18, 2006) The certification sets out a brief description of each counsel's professional experience. Delehey is "Of Counsel" with the firm Reed Smith, has fourteen years of litigation experience and primarily represents clients in the financial services sector. (Delehey Certif. ¶ 7). Melodia is a Partner at Reed Smith, has eighteen years of experience and also primarily represents clients in the financial services sector. (Delehey Certif. ¶ 6). Delehey billed $325 per hour through October 2005, and $345 per hour thereafter; Melodia billed $500 per hour through December 2005, and $545 per hour thereafter. (Delehey Certif. ¶¶ 6,7). The certification also includes a log of the dates and amount of time counsel spent on this matter. (Delehey Certif. Ex. C). Each entry contains a general description of the work performed. Finally, there is an itemized list of costs incurred. (Delehey Certif. Ex. D).

Salvadori argues that Option One's award request is unreasonable. Specifically, Salvadori notes that the issues confronted by this Court were thoroughly briefed and addressed in the New Jersey state court proceedings; thus, Option One's

counsel had minimal work to do once the case was removed to this Court. (Adler Affid. ¶¶ 3,4, June 22, 2006). Salvadori also questions the amount of time counsel spent in numerous discussions, and argues they appear duplicative. (Adler Affid. ¶ 5). Salvadori does not dispute the reasonableness of the rates charged by counsel but notes that counsel's level of experience is inconsistent with the amount of time spent on this matter. (<u>Id.</u>) Option One has not responded to these challenges.

**1. The Motion to Dismiss**

On November 2, 2005, Option One filed in this Court a motion to dimiss and a twenty page brief in support. Between October 24 and the filing of the brief counsel spent 26.9 hours on the motion and brief. (Ex. C, logs 10/21/05 through 11/2/05) Counsel requests $10,391.00 for those hours which were spent on an issue that had, in counsel's own words, "been thoroughly and decisively litigated and is now solidly established as the law of this case." (Def.'s Reply Br., Dec. 5, 2006, at 2).

A comparison of the legal argument in Option One's brief filed with this Court and the brief filed with the state trial court reveals word-for-word similarity. The brief's legal argument is all but identical, from point headings to footnotes, to the submission to the state trial court. <u>Compare</u>, Def.'s Br. in Support of Dimissal, Nov. 11, 2005, <u>with</u> Appendix to Def.'s Reply Br. at Da1 - Da 17 (comprising the brief submitted to the

Superior Court of New Jersey's Law Division on Feb. 18, 2004). Option One's brief in this Court does contain some new material. However, that material consists of new conclusory paragraphs or additional background on legal authority also cited in the state trial brief.  The only new and substantive part is Option One's argument on Salvadori's claim under the Truth-In-Consumer Contract Act.[1]

Option One's counsel's hour log shows numerous multi-hour conferences between Melodia and Delehey on the motion filed in this Court.  For instance, on the day of the filing of the brief, November 2, 2005, Melodia and Delehey spent 3.7 hours on emails and phone calls between each other to discuss the motion and brief.  In all, the logs that refer to Melodia and Delehey "conferring" on the motion add up to nineteen hours.  This is in addition to the seven hours logged to draft a brief that had already been written.

This Court has the discretion to use its "billing judgment," to exclude "hours that were not reasonably expended, . . . excessive, redundant, or otherwise unnecessary . . . ." Hensley, 461 U.S. at 434 (internal citations and quotation marks

---

[1] Also telling is counsel's Westlaw bill.  In addition to the request for attorneys' fees, counsel submits an itemized list of costs. (Delehey Certif. Ex. D)  That list includes a single charge of $244.87 for legal research.  While the Court does not know the exact rate charged by Westlaw and comparable legal research services, it is confident that such an amount does not reflect extensive research.

omitted). Further, the Third Circuit has noted that it can be unreasonable when multiple attorneys with professed expertise both spend time on tasks "one of them would have been able to handle . . . ." <u>Evans v. Port Auth. of N.Y. and N.J.</u>, 273 F.3d 346, 362 (3d Cir. 2001) (citing <u>Lanni v. N.J.</u>, 259 F.3d 146, 151 (3d Cir. 2001).

In light of the fact that little of the brief filed in this Court was new material, the Court will reduce the hours chargeable as attorneys' fees. Ordinarily, 26.9 hours is not an unreasonable amount of time to spend in preparing a motion and brief in support. However, here, counsel added almost no substance to work that was performed for the state litigation. Moreover, counsel were experienced both in general and in the specifics of this case. It appears unreasonable that counsel would need to confer and revise so much on such a familiar case and issue. Accordingly, the Court will attempt to reduce by half all entries in which counsel "conferred" on, and/or "reviewed" the brief. The 19.4 hours which include descriptions of counsel "conferring" and/or "reviewing" will be reduced to 9.7 hours. The remaining hours in those entries seem appropriate as time spent on research and revisions. The entries in which counsel drafted will be eliminated in light of the fact that counsel wrote the brief prior to the litigation in this Court. Thus, counsel will be awarded 9.7 hours for work on the motion to

dismiss and brief in support.  This represents 36% of the hours counsel claims was spent on the motion.  Accordingly, the fee of $10,391.00 will be reduced to 36%, or $3,740.76.

**2. The Reply Brief**

On November 17, 2005, Salvadori filed his brief in opposition to Option One's motion.  In the ensuing days Melodia and Delehey report they spent 40.8 hours preparing a brief in reply which was filed on December 5, 2005; 14 hours more than they spent on the moving brief.  (Ex. C, logs 11/17/05 through 12/05/05)  To counsel's credit, unlike the moving brief it appears that the reply brief is not a verbatim re-submission of an earlier brief.  Notwithstanding the fact that the reply appears to be original work, 40 hours appears to be an unreasonable amount of time in light of counsel's vast experience as attorneys and counsel's now intimate knowledge of the issue briefed.  Cf. Evans, 273 F.3d at 362.

The Court will reduce the award by fifteen hours, concluding that twenty-five hours is a reasonable and appropriate amount of time to have spent on the reply brief in light of the fact that much of the reply brief repeats what was decided in the state courts.  Both counsel are exceptionally experienced litigators with a combined thirty-three years of practice experience.  (See Delehey Certif. Exs. A, B).  Moreover, as counsel has emphasized, "[t]he parties have presented over 150

10

pages of briefing and two hours of oral argument before New Jersey's Law and Appellate Divisions on the issue of whether their Arbitration Agreement should be enforced." (Doc. Entry No. 6 at 5). That was exclusive of the moving brief filed in this Court. Accordingly, in light of counsel's experience both as attorneys and with the specific dispute, twenty-five hours would have been an appropriate amount of time spent on Option One's reply. The hours will be divided between Melodia and Delehey equally. Thus, for the reply brief Option One will be awarded $6,812.5 for Melodia's time and $4,312.5 for Delehey's time, for a total of $11,125.

### 3. The Sur Replies

The parties submitted approximately three sur reply letters after the reply brief. Between December 7, 2005 and the March 16, 2006 Opinion and Order of this Court, Option One's counsel logged 10.7 hours in drafting and responding to these replies. No specific dispute about these hours has been raised by Salvadori. Likewise, the Court sees no reason to dispute the accuracy of counsel's logs on this matter. Accordingly, these hours will remain. Option One will be awarded the $3,915.50 charged for these hours.

### 4. Costs

Option One also submits an itemized list of costs that totals $1,376.03. Salvadori has raised no objection to these

charges. Accordingly, Option One will be awarded the $1,376.03 requested.

**IV. Conclusion**

Option One's motion for attorneys' fees and costs will be granted. However, the award will be limited for the reasons discussed above. Option One will be granted a total of $18,781.26 in attorneys' fees plus $1376.03 in costs for a total of $20,157.29.

Dated: October 17, 2006                s/Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       UNITED STATES DISTRICT JUDGE